173 F.Supp.2d 1029 (2001)
In re Emmanuel and Charae SANCHEZ, Debtors.
Charae Sanchez, Appellant,
v.
Robert E. Weiss, Inc., Robert E. Weiss, and Chris A. Klingerman Appellees.
No. C-01-0899 PJH.
United States District Court, N.D. California.
November 9, 2001.
*1030 Irving L. Berg, The Berg Law Group, Corte Madera, CA, for appellant.
Edward A. Treder, Robert E. Weiss Inc., Covina, CA, for appellees.

ORDER REVERSING BANKRUPTCY COURT'S DISMISSAL OF COMPLAINT FOR FAILURE TO STATE A CLAIM
HAMILTON, District Judge.
Before the court is an appeal from a judgment entered in the United States Bankruptcy Court for the Northern District of California dismissing appellant's adversary complaint for failure to state a claim. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby REVERSES the bankruptcy court for the following reasons

INTRODUCTION
Appellant Charae Sanchez ("Sanchez"), debtor in a bankruptcy proceeding pending before Chief Bankruptcy Judge Edward J. Jellen of this district, filed an adversary complaint in the United States Bankruptcy Court where her Chapter 13 bankruptcy case was pending. Sanchez alleged that the attorneys who represented her mortgage lender had violated certain provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in the course of foreclosing on her residence. Her claims arose from a debt validation notice sent by appellees as required by 15 U.S.C. § 1692g. She alleged that the debt validation notice falsely informed her that she could dispute the validity of the debt only by sending notice in writing, and that the FDCPA does not require a consumer to communicate such a dispute in writing. She filed the adversary complaint as a class action on behalf of debtors subject to the collection notice in dispute.
Appellees filed a motion to dismiss for failure to state a claim. On October 30, 2000, Judge Jellen granted the motion and issued oral findings and conclusions on the record. Sanchez appeals the order dismissing the adversary complaint, raising the following issue for review: Whether appellees' validation notice violated 15 U.S.C. § 1692g(a)(3) by requiring that the debt be disputed in writing.

BACKGROUND
Sanchez owns a single family residence located in San Pablo, California. She financed the purchase of the home with a mortgage loan from Community Lending, Inc. The mortgage loan was thereafter assigned to Norwest Mortgage, Inc., which is now known as Wells Fargo Home Mortgage, Inc.
Appellee Robert E. Weiss, Inc. is a professional law corporation with its principle *1031 place of business in Covina, California. Appellees Robert E. Weiss and Chris A. Klingerman are licensed California attorneys employed by Robert E. Weiss, Inc. The law firm and the attorneys are debt collectors as defined by the FDCPA.
In September, 1999, Norwest Mortgage, Inc. substituted appellee Robert E. Weiss, Inc. as trustee under the first priority deed of trust. A notice of default was recorded on September 27, 1999 based on Sanchez's failure to pay monthly principle and interest installments. On or about September 23, 1999, appellee sent a "Debt Validation Notice" to Sanchez to advise her of her rights under 15 U.S.C. § 1692g. The notice contained the following language:
You may dispute the validity of this debt, or any portion thereof, by sending our office written notice within thirty (30) days after receiving this notice. In that event, we will obtain and mail to you written verification of the debt. Otherwise, we will assume that the debt is valid. (emphasis added).
Sanchez argues that consumers are not required to dispute a debt in writing under § 1692g(a)(3). Therefore, the notice sent by the appellees is in violation of the FDCPA because the notice explicitly requires that the dispute be written.
Appellees argue that consumers are required to dispute debts in writing under § 1692g(a)(3), and that the notice is not in violation of the FDCPA.

DISCUSSION

A. Standard of Review
On appeal, the factual findings of a bankruptcy court are reviewed under a clearly erroneous standard, and its legal conclusions are reviewed de novo. See In re Pizza of Haw., Inc., 761 F.2d 1374, 1377 (9th Cir.1985); a dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) is a ruling on a question of law and as such is reviewed de novo. Fort Vancouver Plywood Co. v. United States, 747 F.2d 547, 552 (9th Cir. 1984).
The bankruptcy court's oral findings and conclusions were not designated as part of the record on appeal. Furthermore, the order dismissing the appellant's complaint did not disclose the court's findings and conclusions. Therefore, this court, in its de novo review of the bankruptcy court's dismissal of the complaint, has not had the benefit of the bankruptcy court's analysis of the issue presented.

B. Legal Standard for Rule 12(b)(6) Motions
A motion under Federal Rule of Civil Procedure Rule 12(b)(6) to dismiss for failure to state a claim can be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim. See Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir.1978) ("The issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims"). Additionally, in analyzing a motion to dismiss, the allegations of the complaint should be construed favorably to the pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

C. Debt Validation Provisions of the FDCPA
Title 15 section 1692g provides in pertinent part:
(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid *1032 the debt, send the consumer a written notice containing 
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
(b) If the consumer fails to notify the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease the collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. (emphasis added).
In interpreting a statute, "[w]e begin, as we must, with the express language of the statute .... Where, as here, the language of the statute is plain and unambiguous, resort to legislative history is unnecessary." Rucker v. Davis, 203 F.3d 627, 636 (9th Cir.2000); see Citizens Action League v. Kizer, 887 F.2d 1003, 1006 (9th Cir. 1989)("In construing a statute, we look first to its plain meaning"). In rare cases where "the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters," an exception should be made to the general plain language rule. United States v. Ron Pair Enters., 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). However, the Supreme Court has cautioned against inserting words into a statute when the same words are present in other sections of the same statute. The Supreme Court has stated:
"[Where] Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." United States v. Wong Kim Bo, 472 F.2d 720, 722 (5th Cir.1972); See United States v. Wooten, 688 F.2d 941, 950 (4th Cir.1982). Had Congress intended to restrict § 1963(a)(1) ... it presumably would have done so expressly as it did in the immediately following subsection (a)(2). See North Haven Board of Education v. Bell, 456 U.S. 512, 521, 102 S.Ct. 1912, 72 L.Ed.2d 299 (1982); United States v. Naftalin, 441 U.S. 768, 773-774, 99 S.Ct. 2077, 60 L.Ed.2d 624 (1979). In the latter case, id., at 773, 99 S.Ct. 2077, the Court said: "The short answer is that Congress did not write the statute that way." We refrain from concluding here that the differing language in the two subsections has the same meaning in each. We would not presume to ascribe this difference to a simple mistake in draftsmanship.
*1033 Russello v. United States, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (construing the forfeiture provision of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1963(a)(1)).
The plain language of § 1692g(a)(3) does not require that a dispute be "in writing." In contrast, consumers are required to notify the debt collector "in writing" under § 1692g(a)(4) to obtain verification of the debt, under § 1692g(a)(5) to obtain the name and address of the original creditor, and under § 1692g(b) to force the debt collector to cease collection until such information is provided. Therefore, it is obvious from the plain language of § 1692g that Congress could have included a writing requirement within § 1692g(a)(3). It did not.
Appellees argue that interpreting § 1692g(a)(3) as not containing an "in writing" requirement would create an incoherent or illogical system and that Congress could not have intended to create an incoherent system. Thus, appellees contend that this is one of those rare cases in which the court should look beyond the plain language of the statute. Appellees cite Graziano v. Harrison, 950 F.2d 107, 112 (3rd Cir.1991), for the proposition "that subsection (a)(3), like subsections (a)(4) and (a)(5), contemplates that any dispute, to be effective, must be in writing."
In Graziano, plaintiff/debtor Graziano claimed that the notice sent by the debt collector attorneys violated § 1692g(a)(3) by falsely informing him that the debt would be assumed valid unless he disputed the debt in writing. Id. In reaching its decision, the Third Circuit offered the following analysis:
Subsection (b) states that if the debtor disputes the debt in writing within thirty days, the debt collector must cease collection efforts until the debt collector has verified the debt. Adopting Graziano's reading of the statute would thus create a situation in which, upon the debtor's non-written dispute, the debt collector would be without any statutory ground for assuming that the debt was valid, but nevertheless would not be required to verify the debt or to advise the debtor of the identity of the original creditor and would be permitted to continue debt collection efforts. We see no reason to attribute to Congress an intent to create so incoherent a system.
Id. at 112 (emphasis added). Thus, the Graziano court assumed that if § 1692g(a)(3) were to be construed as not requiring a written dispute, the debt collector would not be required to verify the debt. Therefore, the Graziano court suggests that presumptive validity of the debt from a non-written dispute would provide no real protection for the consumer. See Ong v. American Collections Enterprise, Inc., 1999 WL 51816 (E.D.N.Y. Jan.15, 1999) at *3. However, the Graziano court provides no basis for the assumption that the debt collector would not be required to verify the debt upon receipt of a non-written dispute. An examination of the language of § 1692g(a)(3), in fact, leads to the opposite conclusion.
According to § 1692g(a)(3), the debt collector will assume validity of a debt if no dispute is received within 30 days. Therefore, if a notice is received within 30 days the debt collector may not assume the debt is valid. If the dispute is not written, the debt collector is not required to provide the consumer with verification of the debt, the name and address of the original creditor or cease collection until such information is provided. If the debt collector may not assume the debt is valid, yet is not required to provide such information to the consumer, what did Congress intend the debt collector to do?
One possibility is that Congress intended that the debt collector find some evidence of the validity of the debt beyond a *1034 mere assumption. Another possibility, as assumed by the Graziano court, is that Congress intended the debt collector to do nothing. It seems more reasonable to read the statute as requiring the debt collector to further investigate the claim rather than do nothing. This reading of § 1692g(a)(3) would serve two purposes: 1) It would provide an informal red flag to a debt collector so that it might quickly and inexpensively check the validity of the debt without triggering the formal requirements of §§ 1692g(a)(4), (5) and 1692g(b); and 2) it would provide limited protection to debtors upon communicating a non-written dispute.
The first purpose of a non-written § 1692g(a)(3) dispute would be to provide an initial, informal red flag to the debt collectors. However, the debt collectors would not be forced to cease debt collection activities under § 1692g(b) because § 1692g(b) requires a written notice. Nor would the debt collector be required, under § 1692g(a)(4), to send the consumer verification of the debt or to provide the name and address of the original creditor under § 1692g(a)(5). But the debt collector would be required, upon receipt of a non-written dispute pursuant to § 1692g(a)(3), to find some evidence, beyond a mere assumption, that the debt is valid. It is a simple, informal way to provide a red flag to the debt collector without triggering the obligations under §§ 1692g(a)(4), (5) and 1692g(b). It provides a means for the debt collector to receive information quickly, which may save time and expense in pursuing an otherwise invalid debt.
The second purpose of a § 1692g(a)(3) non-written dispute would be to provide limited protection to consumers. In Ong, the court reinforced this view:
I respectfully disagree with the view that the failure to impose [a writing] requirement creates an "incoherent system." It is not unreasonable to believe that some consumers who wish to dispute an alleged debt may lack the ability or wherewithal to do so in writing, and that Congress chose to accord these oral debt-disputers some, but not all, of the protections accorded those who dispute their debts in writing.
Ong v. American Collections Enterprise, Inc., 1999 WL 51816 at *3. Thus, a consumer that is unable to communicate in writing, or simply wishes to quickly and informally clear up the matter, is afforded limited protection under § 1692g(a)(3). This protection would be limited to preventing the debt collector from simply assuming the debt is valid. The debt collector is required to find some evidence, beyond a mere assumption, that the debt is valid.
Additional support for interpreting § 1692g(a)(3) as not requiring a written dispute may be found in other Federal District Court decisions. See id., (reviewing cases on both sides of the issue); see also Castro v. ARS National Services, Inc., 2000 WL 264310, *2 (S.D.N.Y. March 8, 2000) ("just a phone call will do"); Reed v. Smith, Smith & Smith, 1995 WL 907764 (M.D.La. Feb.8, 1995); Young v. Credit Bureau of Lockport, Inc., 1989 WL 79054 (W.D.N.Y. July 17, 1989); Harvey v. United Adjusters, 509 F.Supp. 1218, 1221 (D.Or.1981).
A non-written dispute under § 1692g(a)(3) which provides a red flag to the debt collector without forcing the debt collector to perform the mandatory acts under §§ 1692g(a)(4), (5) and (b) results in a perfectly coherent system that does-not appear to produce a result demonstrably at odds with the intentions of the drafters.[1]

*1035 CONCLUSION
The court declines to find as a matter of law that despite its clear language to the contrary, § 1692(a)(3) requires a written notice of dispute. Accordingly, the bankruptcy court's dismissal of the complaint for failure to state a claim is hereby REVERSED and the matter is REMANDED to the bankruptcy court for proceedings consistent with these findings.
IT IS SO ORDERED.
NOTES
[1] In Graziano, the Court of Appeals for the Third Circuit stated that reading a writing requirement into § 1692g(a)(3) would provide "a lasting record of the fact that the debt has been disputed, and thus avoids a source of potential conflicts." Id. at 112. However, since the debt collector is not required to cease collection activities upon receipt of a non-written dispute or send the consumer verification of the debt, the need for a lasting record of a non-written dispute to protect the debt collector is minimal. Should the consumer desire greater protection, the consumer may trigger §§ 1692g(a)(4), (5) and 1692g(b) by providing a notice of dispute in writing.