**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RITA CAMACHO, on behalf of
herself and all others similarly
situated,
              *Plaintiff-Appellee,*

              v.                          No. 04-17126

BRIDGEPORT FINANCIAL INC.,              D.C. No.
              *Defendant-Appellant,*     CV 04-0478 CRB

              and                        OPINION

RAY LEWIS, CHRISTINA HARBRIDGE,
              *Defendants.*

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted
November 14, 2005—San Francisco, California

Filed December 12, 2005

Before: Jerome Farris, A. Wallace Tashima, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Tashima

16231

**COUNSEL**

Mark E. Ellis, Murphy, Pearson, Bradley & Feeney, Sacramento, California, for the defendant-appellant.

Richard J. Rubin, Santa Fe, New Mexico, for the plaintiff-appellee.

## OPINION

TASHIMA, Circuit Judge:

Rita Camacho ("Camacho"), a debtor, sued Bridgeport Financial, Inc. ("Bridgeport Financial"), a debt collector, for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g and 1692e. Camacho alleges that Bridgeport Financial's initial collection notice, which stated that Camacho could only dispute the validity of the debt in writing, misrepresented Camacho's rights. The district court denied Bridgeport Financial's motion to dismiss, concluding that Camacho had stated a viable claim under the plain meaning of the statute. The district court certified the issue for interlocutory appeal and we granted the petition under 28 U.S.C. § 1292(b). We affirm.

## BACKGROUND

Camacho's debt of $42.57 was assigned to Bridgeport Financial by Into Video.[1] In its initial collection communication, Bridgeport Financial included the statement: "Unless you notify this office *in writing* within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid." (Emphasis added.) Camacho sued under §§ 1692g and 1692e of the FDCPA, alleging that this statement misrepresented the rights of consumers because it required Camacho to dispute the debt in writing. Bridgeport Financial filed a motion to dismiss the action under Federal Rule of Civil Procedure 12(b)(6), arguing that § 1692g(a)(3) implicitly requires disputes to be in writing because only written disputes can invoke the other protections afforded by the FDCPA. The district court rejected Bridgeport Financial's arguments, holding that the plain meaning of § 1692g(a)(3) did not require that

---

[1]This case was brought as a putative class action, but the district court has not yet ruled on the class aspects of the case.

disputes be in writing and that this interpretation did not undermine the purpose or destroy the coherence of the statute.

## STANDARD OF REVIEW

We review a district court's decision to grant or deny a motion to dismiss pursuant to Rule 12(b)(6) *de novo*. *Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 939 (9th Cir. 2002). We also review questions of statutory interpretation *de novo*. *Romine v. Diversified Collection Servs., Inc.*, 155 F.3d 1142, 1145 (9th Cir. 1998).

## DISCUSSION

**[1]** The issue before us is whether a collection notice that requires disputes to be set forth in writing violates 15 U.S.C. § 1692g. Under § 1692g(a), a debt collector must send a consumer debtor, within five days of its initial attempt to collect any debt, a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) *a statement that unless the consumer, within thirty-days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*

(4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that upon the consumer's *written* request within the thirty-day period the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(1)-(5) (emphasis added).

**[2]** Section 1692g(b) further provides that if the consumer notifies the collector of a dispute *in writing* within the 30-day period, the collector shall cease collection activities until he obtains the verification or information required by 15 U.S.C. § 1692g(a)(4) and (5).

Bridgeport Financial argues that its collection notice meets the notice requirements of § 1692g(a)(3) because the subsection must be interpreted as requiring written notice in order for the procedure in § 1692g(a)(3) to be consistent with the debt validation mechanisms provided in the later subsections of § 1692g. Camacho argues, however, that since § 1692g(a)(3) does not explicitly include a writing requirement, Bridgeport Financial's version of the collection notice misrepresents the debtor's rights.

**[3]** Whether a consumer's dispute of the validity of a debt under the FDCPA must be in writing is a question of first impression in this circuit.[2] The only other circuit to address the issue has held that "given the entire structure of section

---

[2]This circuit has stated that, "If no written demand is made, the collector may assume the debt to be valid." *Mahon v. Credit Bureau of Placer County Inc.*, 171 F.3d 1197, 1202 (9th Cir. 1999) (internal quotation marks and citation omitted). The statement in *Mahon*, however, was made in the context of a discussion of § 1692g(b), which has an explicit writing requirement, not in the context of discussing § 1692g(a)(3). *See Sambor v. Omnia Credit Servs., Inc.*, 183 F. Supp. 2d 1234, 1240 n.4 (D. Haw. 2002) (explaining why *Mahon* is inapplicable to analysis of subsection (a)(3)). Additionally, the statement in *Mahon* was *dicta* and therefore is not binding. *See id.*

1692g, subsection (a)(3) must be read to require that a dispute, to be effective, must be in writing." *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991).**³** Because we conclude that we must give effect to the plain meaning of the statute, we respectfully disagree with *Graziano*.

The Supreme Court's approach to statutory interpretation in *Lamie v. United States Trustee*, 540 U.S. 526 (2004), guides our analysis. In *Lamie*, the Supreme Court addressed the omission of the phrase "or to the debtor's attorney" from 11 U.S.C. § 330(a)(1), which provides for the payment from the bankruptcy estate of reasonable fees to "a trustee, an examiner, a professional person employed under section 327 or 1103." *Id.* at 530. Inclusion of the phrase "or to the debtor's attorney" would have made the language parallel with other parts of the statute that referred to "attorney," and more compatible with the previous version of the statute. *Id.* at 530-31. Further, the statute as it stood was ungrammatical, which "strengthen[ed] the sense that error exist[ed]." *Id.* at 531. Despite this evidence of legislative error, the Supreme Court refused to insert the phrase. *Id.* at 535, 542. In reaching this conclusion, the Court examined the statute's plain meaning, whether the plain meaning would lead to absurd or unreasonable results, and legislative intent.

First, the Court looked to the text of the statute, which omitted the reference to a debtor's attorney. *Id.* at 534. The Court found that since the plain meaning did not alter the text's substance or obscure its meaning, the plain meaning was not inconsistent with the statute. *Id.* at 535. The Court reasoned that absent sufficient indications to the contrary, it should refrain from inserting language into a statute, even if it suspected that Congress inadvertently omitted such lan-

---

**³**Two district courts in this circuit have held that a debt may be orally disputed under § 1692g(a)(3). *Sanchez v. Robert E. Weiss, Inc. (In re Sanchez)*, 173 F. Supp. 2d 1029, 1034 (N.D. Cal. 2001); *Harvey v. United Adjusters*, 509 F. Supp. 1218 (D.Or. 1981).

guage. *Id.* at 537. The Court went on to find that the plain meaning did not lead to an absurd result because even without the omitted language, compensation for attorneys was still available. *Id.* at 536-37.

**[4]** "[W]hen the statute's language is plain, the sole function of the courts — at least where the disposition required by the text is not absurd — is to enforce it according to its terms." *Id.* at 534 (internal quotation marks and citations omitted). The plain meaning of § 1692g is that debtors can trigger the rights under subsection (a)(3) by either an oral or written "dispute," while debtors can trigger the rights under subsections (a)(4) and (a)(5) only through written dispute.

**[5]** A statute need not contain parallel language in all of its subsections in order to be internally consistent. Rather, "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (internal citation and quotation marks omitted); *see also Andreiu v. Ashcroft*, 253 F.3d 477, 480 (9th Cir. 2001) (en banc). If Congress had intended to impose a writing requirement in § 1692g(a)(3), it could have done so in the subsection itself, as it did in the later subsections of § 1692g(a). *See* 15 U.S.C. § 1692g(a)(4), (5); *Russello*, 464 U.S. at 23. As in *Lamie*, the plain language of the text of § 1692g(a)(3) does not state that the consumer must dispute the debt in writing, and "where the disposition required by the text is not absurd," *Lamie*, 540 U.S. at 534, we must enforce the statute according to its terms.

Further, the plain meaning of subsection (a)(3) does not lead to absurd results because an oral dispute triggers multiple statutory protections. We thus disagree with the Third Circuit in *Graziano*, which found it absurd that an oral dispute could rebut the presumption of validity but not trigger the verification requirement under § 1692g(a)(4), or the identification

requirement under § 1692g(a)(5). *See Graziano*, 950 F.2d at 112. *Graziano*'s determination that permitting an oral dispute would render the system "incoherent," failed to consider those FDCPA rights that are triggered by an oral dispute.

Oral dispute of a debt precludes the debt collector from communicating the debtor's credit information to others without including the fact that the debt is in dispute. 15 U.S.C. § 1692e(8); *Brady v. Credit Recovery Co.*, 160 F.3d 64, 67 (1st Cir. 1998). Additionally, if a consumer owes multiple debts and makes a payment, the debt collector is prohibited from applying such payment to a debt which is in dispute. 15 U.S.C. § 1692h. Moreover, a debtor's oral notification to a debt collector entitles a debtor to relief under § 1692c(a)(1), which bars communication with a debtor at "a time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a)(1); *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1516, 1516 n.10 (9th Cir. 1994) (finding debt collector could be liable under § 1692c(a)(1) for contacting debtor at work after consumer orally informed collector not to do so).[4]

While there is much to be said for the *Graziano* court's conclusion that policy considerations weigh in favor of its interpretation, *see* 950 F.2d at 112, under *Lamie*, we can only insert language into a statute if the result of the statute's plain meaning is absurd. *See* 540 U.S. at 537-538. Because we conclude that the FDCPA's statutory scheme, which assigns lesser rights to debtors who orally dispute a debt and greater

---

[4]Other courts have disagreed with *Graziano* by finding that § 1692g(a)(3) *itself* creates an affirmative obligation for debt collectors that is triggered by oral dispute. *See, e.g.*, *Sanchez*, 173 F. Supp. 2d at 1033-1034 (finding that oral dispute rebuts the presumption of validity, and therefore triggers an obligation for debt collectors to find some evidence of the debt's validity). However, we need not reach the question of whether § 1692g(a)(3) itself creates rights for debtors, as we have identified other rights within the Act that are triggered by an oral dispute.

rights to debtors who dispute it in writing, is not absurd, we are not at liberty to insert any additional language.

Finally, giving effect to the statute's plain meaning is also consistent with legislative intent. Congress' intent in enacting § 1692g was to provide an alleged debtor with 30 days to question and respond to the initial communication of a collection agency. *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1226 (9th Cir. 1988). This purpose is further advanced by an interpretation that allows such response to be in either written or oral form. Nor does the plain language of the statute frustrate the purpose of the statute by misleading or confusing consumers. Collection notices that include the statute's verbatim language have been held not to be confusing. *See, e.g.*, *Jang v. A.M. Miller & Assoc.*, 122 F.3d 480, 484 (7th Cir. 1997) (holding that a collection notice that uses the exact statutory language will not be considered false, misleading, or deceptive). Consumers can comprehend the statute's plain language. We are not persuaded by Bridgeport Financial's conjecture that the plain meaning of § 1692g is confusing and frustrates the Congressional purpose of protecting consumers.

## CONCLUSION

**[6]** The district court correctly denied Bridgeport Financial's motion to dismiss. The plain language of subsection (a)(3) indicates that disputes need not be made in writing, and the plain meaning is neither absurd in its results nor contrary to legislative intent. Thus, there is no writing requirement implicit in § 1692g(a)(3). Bridgeport Financial's collection notice violated § 1692g insofar as it stated that disputes must be made in writing.

The order of the district court denying Bridgeport Financial's motion to dismiss is **AFFIRMED** and the case is remanded to the district court for further proceedings.