**Carlos BAEZ, an individual, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**WAGNER & HUNT, P.A., a Florida professional association, and John Doe, an unknown individual, Defendant.**

**Nos. 06–60647 CIV, 06–60647 CIV.**

United States District Court, S.D. Florida.

July 19, 2006.

---

**1274**

Robert W. Murphy, Fort Lauderdale, FL, for Plaintiff.

James M. Kaplan of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP of Miami, FL, for Defendant.

### ORDER DENYING DEFENDANT WAGNER & HUNT'S MOTION TO DISMISS COMPLAINT FOR DAMAGES AND INCIDENTAL DAMAGES

COHN, District Judge.

THIS CAUSE is before the Court upon Defendant Wagner & Hunt's Motion to Dismiss Complaint for Damages and Incidental Damages [DE 11]. The Court has carefully considered the Motion, Response [DE 12] and Reply [DE 18], and is otherwise fully advised in the premises.

### I. BACKGROUND

This action was filed on May 9, 2006 by Plaintiff Carlos Baez ("Baez") against De-fendant Wagner & Hunt, P.A. ("Wagner") and John Doe ("Doe") alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The facts of this case are undisputed for purposes of this Motion.

Several years ago, Baez opened a credit card account with American Express Centurion. (Compl., ¶ 9.) Subsequently, American Express Centurion retained Wagner to collect an unspecified amount it contended Baez owed on the credit card account. (*Id.*, ¶ 10.) In an effort to collect the alleged debt, Wagner sent a letter to Baez dated November 7, 2005, signed by an individual identified only as "Attorney for the Firm" (known as Doe for purposes of this action). (*Id.*, ¶ 11; *Id.*, Exh. A.) This letter, commonly referred to as a "Dunning letter" in the collection industry, stated in relevant part as follows:

STATUTORY NOTICE: This is an attempt to collect a debt. Any information obtained will be used for that purpose. This letter is from a debt collector. Unless you notify this office *in writing* within thirty days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty days from the receipt of this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt, or a copy of a judgment against you and mail you a copy of such verification or judgment. We will provide you with the name and address of the original creditor, if different from the current creditor, if you make written request for the same within 30 days from receipt of this notice.

(*Id.*, Exh. A (emphasis added).)

Baez alleges that this letter violates 15 U.S.C. § 1692g because it asks Baez to

notify Wagner "in writing" if he disputes the debt. Wagner seeks to dismiss the Complaint alleging that the presence of the phrase "in writing" in the above-referenced portion of the Dunning letter does not establish a sufficient basis for a FDCPA claim.

## II. ANALYSIS

### A. Motion to Dismiss Standard

In its Motion to Dismiss, Wagner asserts that Baez's Complaint should be dismissed for failure to state a claim upon which relief may be granted. It is long settled that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *Cramer v. Florida*, 117 F.3d 1258, 1262 n. 8 (11th Cir.1997); *see also Marsh*, 268 F.3d at 1023; *Linder v. Portocarrero*, 963 F.2d 332, 334–36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir.1967)).

### B. Fair Debt Collection Practices Act

The issue currently before the Court is whether a collection notice that requires disputes to be set forth in writing violates 15 U.S.C. § 1692g. Section 1692g(a) states that a debt collector must, within five days of its initial attempt to collect any debt, send a letter to a consumer debtor containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Further, § 1692g(b) provides that "[i]f the consumer notifies the debt collector in writing within the thirty-day period ... that the debt, or any portion thereof, is disputed or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt" until the proper verification or information required by §§ 1692g(a)(4) and (5) is provided to the consumer.

The only difference between the Dunning letter sent by Wagner and the statutory language contained in § 1692g(a) is the insertion of the phrase "in writing" to the language adopted from § 1692g(a)(3). Wagner alleges that the failure to recite § 1692g(a)(3) verbatim does not constitute a violation of the FDCPA. Rather, Wagner states that the addition of this phrase provided Baez with additional guidance for disputing the debt and avoided confusion by reconciling the notification requirement in subsection (a)(3) with the writing re-

quirement contained in subsections (a)(4) and (a)(5).

Whether a Dunning letter that requires a consumer to dispute a debt in writing violates the FDCPA is a question of first impression in this Circuit. The only circuit courts that have specifically addressed this issue are the Third and Ninth Circuits.[1] These circuits disagree as to their interpretation of § 1692g. The district courts which have addressed this issue also have different interpretations.[2]

In *Graziano v. Harrison*, 950 F.2d 107 (3d Cir.1991), the Third Circuit held that "subsection (a)(3) must be read to require that a dispute, to be effective, must be in writing." *Id.* at 112. The court found that although the plain language of the statute does not contain a writing requirement, any other reading of the statute would produce an absurd result because only a written dispute halts debt collection efforts and requires additional information to be provided to the consumer. *Id.*

In *Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078 (9th Cir.2005), the Ninth Circuit explicitly disagreed with the holding in *Graziano*. The Ninth Circuit held that subsection (a)(3) does not impose a writing requirement on consumers. *Id.* at 1080. In so holding, the court found that the plain meaning of the statute was clear and unambiguous, and therefore, refused to insert the phrase "in writing." *Id.* at 1081. The court also found that its interpretation did not produce an absurd result because even though subsections (a)(4) and (a)(5) only apply to written disputes, an oral dispute serves to trigger other statutory protections under the FDCPA. *Id.* Specifically, pursuant to § 1692e(8), "oral dispute of a debt precludes the debt collector from communicating the debtor's credit information to others without including the fact that the debt is in dispute." *Id.* at 1082. Additionally, where a consumer owes multiple debts and makes a payment, § 1692h prohibits a debt collector from applying any portion of that payment to a disputed debt. *Id.* The Ninth Circuit further noted that oral notification of a dispute triggers § 1692c(a)(1) "which bars communication with a debtor 'at a time or place known or which should be known to be inconvenient to the consumer.'" *Id.* (quoting 15 U.S.C. § 1692c(a)(1)).

This Court agrees with the holding in *Camacho* and its progeny. "[A]bsent sufficient indications to the contrary, [a court] should refrain from inserting language into a statute, even if it suspect[s] that Congress inadvertently omitted such lan-

---

1. In *Brady v. Credit Recovery Co., Inc.*, 160 F.3d 64 (1st Cir.1998), the First Circuit undertook the same type of statutory analysis with a different section of the FDCPA. In interpreting § 1692e(8), which does not on its face impose a writing requirement, the court held that "[t]he fact that other sections of the FDCPA—like § 1692g(b)—explicitly impose a writing requirement suggests that Congress's omission of such a requirement in § 1692e(8) was not inadvertent." *Id.* at 66–67.

2. The majority of district courts mirror the Ninth Circuit's interpretation which states that subsection (a)(3) does not impose a writing requirement on consumers. *E.g., Rosado v. Taylor*, 324 F.Supp.2d 917, 929 (N.D.Ind.

2004); *Turner v. Shenandoah Legal Group, P.C.*, No. 3:06CV045, 2006 WL 1685698, *3–5 (E.D.Va. June 12, 2006); *Vega v. Credit Bureau Enters.*, No. CIVA02CV1550DGT KAM, 2005 WL 711657, *7–*9 (E.D.N.Y. Mar. 29, 2005) (citing to numerous cases holding same). Some district courts have followed the rationale of the Third Circuit in determining that subsection (a)(3) implicitly provides that a consumer must dispute a debt in writing. *E.g., Sturdevant v. Thomas E. Jolas, P.C.*, 942 F.Supp. 426, 429 (W.D.Wis.1996); *Castillo v. Carter*, No. IP 99–1757C HIG, 2001 WL 238121 (S.D.Ind. Feb. 28, 2001); *Ingram v. Corporate Receivables, Inc.*, No. 02 C 6608, 2003 WL 21018650 (N.D.Ill. May 5, 2003).

guage." *Camacho*, 430 F.3d at 1081 (citing *Lamie v. United States Trustee*, 540 U.S. 526, 537, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004)). However, "a court may look beyond the plain language of a statute if applying the plain language would produce an absurd result." *Lehman v. Vision-Span, Inc.*, 205 F.3d 1255, 1256 (11th Cir. 2000).

In this case, the Court does not find a sufficient justification for inserting the phrase "in writing" into subsection (a)(3). Although the policy considerations stated in *Graziano* are meritorious, the plain language of the statute is clear and unambiguous and does not require the insertion of additional language. Further, the fact that other sections of the same statute specifically use the phrase "in writing," tends to show that Congress intentionally omitted it from subsection (a)(3). Additionally, pursuant to the Supreme Court's holding in *Lamie*, a court can only insert language into a statute if a decision to the contrary would produce an absurd result. As noted by the Ninth Circuit in *Camacho*, applying the plain meaning of subsection (a)(3) which is void of any writing requirement does not lead to an absurd result because other portions of the FDCPA are triggered upon oral notification of a disputed debt. Therefore, this Court cannot justify inserting the phrase "in writing" into subsection (a)(3).

Wagner argues that even if this Court is inclined to follow *Camacho*, that interpretation should not apply to the instant case because the holding in *Camacho* was issued almost a month and a half after the Dunning letter was sent to Baez. Wagner alleges, therefore, that it could not have known that it needed to comply with the plain language of the statute. This argument is misplaced. By including the phrase "in writing" in its letter to Baez, Wagner violated the plain meaning of the statute. Although there was no circuit court opinion to that effect at the time the letter was sent, many district courts had disagreed with the holding in *Graziano*. Therefore, Wagner had notice that the Third Circuit's interpretation was not well-settled law and needed only provide Baez with the plain language of the statute to avoid any possibility of liability under the FDCPA.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant Wagner & Hunt's Motion to Dismiss Complaint for Damages and Incidental Damages [DE 11] is hereby **DENIED.**