**Harold Brian KRIEG, Plaintiff— Appellant,**

v.

**ALLSTATE FINANCIAL SERVICES, Defendant—Appellee.**

No. 06–16259.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007 *.

Filed Oct. 12, 2007.

Harold Brian Krieg, Las Vegas, NV, pro se.

Michael F. Bohn, Esq., Damon E. Morris, Esq., Law Offices of Michael F. Bohn, Esq., Ltd., Las Vegas, NV, for Defendant–Appellee.

Before: CANBY, TASHIMA, and GRABER, Circuit Judges.

## MEMORANDUM ** AND ORDER

Harold Brian Krieg appeals pro se from the district court's order dismissing his action alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and various state-law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *Camacho v. Bridgeport Fin. Inc.,* 430 F.3d 1078, 1079 (9th Cir.2005), we affirm.

The district court properly dismissed Krieg's FCRA claims because there is no private right of action for violations of 15 U.S.C. § 1681s–2(a), the section of the statute Krieg invokes. *See Nelson v. Chase Manhattan Mortgage Corp.,* 282 F.3d 1057, 1059 (9th Cir.2002). Even if Krieg's amended complaint is construed as an attempt to assert the private right of action provided by 15 U.S.C. § 1681s–2(b), it fails to state a claim because Krieg did not allege that he gave proper notice to any credit reporting agency that he disputed the information furnished by defendant Allstate, that Allstate failed to investigate the dispute, or that Allstate continued to provide inaccurate information to any credit reporting agency. *See Nelson,* 282 F.3d at 1060 (explaining that the FCRA requires consumer to "filter" his complaint about inaccurate information through the credit reporting agency).

The district court did not abuse its discretion in denying Krieg's motion for default judgment. *See Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir.1986) (describing factors to be considered by courts in exercising discretion as to the entry of a default judgment).

We are not persuaded by any of Krieg's remaining contentions.

We deny Appellee's request for sanctions, without prejudice to the filing of a motion in accordance with Ninth Circuit Rule 39–1. We deny all other pending motions.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.