UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 13-1151
(5:12-cv-00400-BO)
_____

DANA CLARK, on behalf of herself and all others similarly
situated; DAVID CLARK, on behalf of himself and all others
similarly situated

            Plaintiffs - Appellants

v.

ABSOLUTE COLLECTION SERVICE, INCORPORATED

            Defendant – Appellee

_____

O R D E R
_____

The court amends its opinion filed January 31, 2014, as
follows:

On the cover page, in the disposition section, "Reversed" is
corrected to read "Vacated."

On page 10, line 10, "REVERSED" is corrected to read
"VACATED."

                        For the Court--By Direction

                        /s/ Patricia S. Connor, Clerk

PUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-1151

DANA CLARK, on behalf of herself and all others similarly
situated; DAVID CLARK, on behalf of himself and all others
similarly situated,

                    Plaintiffs - Appellants,

          v.

ABSOLUTE COLLECTION SERVICE, INCORPORATED,

                    Defendant - Appellee.


Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Terrence W. Boyle,
District Judge.  (5:12-cv-00400-BO)


Argued:  October 30, 2013            Decided:  January 31, 2014


Before DIAZ and FLOYD, Circuit Judges, and Joseph F. ANDERSON,
Jr., United States District Judge for the District of South
Carolina, sitting by designation.


Vacated and remanded by published per curiam opinion.


**ARGUED**: Deepak Gupta, GUPTA BECK, PLLC, Washington, D.C., for
Appellants.  Sean T. Partrick, YATES, MCLAMB & WEYHER, LLP,
Raleigh, North Carolina, for Appellee.  **ON BRIEF**: Craig M.
Shapiro, KEOGH LAW, LTD., Chicago, Illinois; Joseph A. Bledsoe,
THE BLEDSOE LAW FIRM, Fayetteville, North Carolina; Gregory A.
Beck, Jonathan E. Taylor, GUPTA BECK, PLLC, Washington, D.C.,
for Appellants.  Jennifer D. Maldonado, William T. Kesler, Jr.,

YATES, MCLAMB & WEYHER, LLP, Raleigh, North Carolina, for Appellee.

PER CURIAM:

This case involves a putative class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Dana Clark and David Clark ("the Clarks") sued Absolute Collection Service, Inc. ("ACS"),[1] on behalf of themselves and all others similarly situated, for its actions in attempting to collect a debt. The Clarks alleged that ACS's collection notice violated section 1692g(a)(3) of the FDCPA by stating that debtors only could dispute the validity of their debt in writing. ACS moved to dismiss the Clarks' lawsuit, contending that the collection notice complied with the FDCPA because section 1692g(a)(3) contains an inherent writing requirement. The district court granted the motion, and the Clarks appealed. For the reasons set forth below, we vacate the district court's judgment and remand the case for further consideration.

I.

The Clarks incurred two debts at a health care facility in Raleigh, North Carolina. When the Clarks were unable to pay, the health care facility referred the debts to ACS, a third-party collector. In its efforts to collect, ACS sent separate

---

[1] ACS changed its corporate name on June 29, 2012, after this case was filed. Although the defendant now is called FKAACS, Inc., we refer to it as ACS throughout.

collection notices to the Clarks at their home in Raleigh. In both collection notices, a disclosure statement provided that:

> ALL PORTIONS OF THIS CLAIM SHALL BE ASSUMED VALID UNLESS DISPUTED IN WRITING WITHIN THIRTY (30) DAYS; IN WHICH CASE, VERIFICATION OF THE DEBT OR A COPY OF THE JUDGMENT WILL BE PROVIDED TO YOU. IF THE ORIGINAL CREDITOR IS DIFFERENT FROM THE ABOVE NAMED CREDITOR, THE NAME OF THE ORIGINAL CREDITOR WILL BE PROVIDED UPON REQUEST.

J.A. 11, 12.

The Clarks sued ACS in the United States District Court for the Eastern District of North Carolina, at Raleigh, alleging that its collection notice failed to comply with the FDCPA. 15 U.S.C. § 1692 *et seq.* The Clarks asserted that ACS violated their right to challenge their debt orally under section 1692g(a)(3) of the FDCPA because the collection notice stated that the debt would be "assumed valid unless disputed in writing." They also contended that ACS's imposition of a writing requirement amounted to the use of "false representation or deceptive means to collect or attempt to collect any debt," in violation of section 1692e(10) of the FDCPA.

ACS moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that section 1692g(a)(3) contains an inherent writing requirement and that the Clarks, therefore, failed to state a claim upon which relief could be granted. The district court agreed, dismissing

4

the complaint. In its reasoning, the district court stated that permitting an oral dispute of the validity of a debt under section 1692g(a)(3) would leave consumers "with fewer protections and in a potentially far more confusing station than if a writing is required." J.A. 26.

## II.

We review *de novo* the district court's decision to grant the motion to dismiss. Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). We also review *de novo* questions of statutory construction. Stone v. Instrumentation Lab. Co., 591 F.3d 239, 242-43 (4th Cir. 2009).

### A.

As in all statutory construction cases, our inquiry begins with the language of the statute. See Lamie v. U.S. Tr., 540 U.S. 526, 534 (2004). "[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." Id. (internal quotation marks omitted).

Congress enacted the FDCPA with the goal of eliminating abusive, deceptive, and unfair debt collection practices. 15 U.S.C. § 1692. Among its safeguards against abuse and deception, the FDCPA requires a debt collector to send written notice to consumer debtors with whom it communicates in

5

connection with the collection of a debt.  15 U.S.C. § 1692g. Section 1692g(a) provides that the written notice must contain:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(1)-(5).

Pursuant to section 1692g(b), if a consumer "notifies the debt collector in writing" that the debt is disputed, the debt collector must "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector."  15 U.S.C. § 1692g(b).

6

On appeal, the Clarks ask whether section 1692g(a)(3) permits consumers to dispute the validity of a debt orally, or whether it imposes a writing requirement. This is a matter of first impression for this Court. The Third Circuit has held that section 1692g(a)(3) must be read to include a writing requirement, finding any other reading contrary to the purposes of the FDCPA. See Graziano v. Harrison, 950 F.2d 107 (3d Cir. 1991). In contrast, the Second and Ninth Circuits have found that the plain text of section 1692g(a)(3) permits oral disputes, and that such a reading results in a logical, bifurcated scheme of consumer rights. See Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282 (2d Cir. 2013); Camacho v. Bridgeport Fin. Inc., 430 F.3d 1078 (9th Cir. 2005).

In line with the Second and Ninth Circuits, we find that the FDCPA clearly defines communications between a debt collector and consumers. Sections 1692g(a)(4), 1692g(a)(5), and 1692g(b) explicitly require written communication, whereas section 1692g(a)(3) plainly does not.[2] ACS asks that we disregard the statutory text to read into it words that are not there. We decline to do so. "[W]here Congress includes

---

[2] We also note that the term "dispute," as commonly used, contemplates oral communication. See, e.g., Random House Webster's Unabridged Dictionary 569 (2d ed. 2001) ("to argue or debate about; discuss").

7

particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Russello v. United States, 464 U.S. 16, 23 (1983) (internal quotation marks omitted).

B.

Accepting that section 1692g(a)(3) does not contain an explicit writing requirement, ACS argues that it must be read as imposing an inherent writing requirement or else the procedure would be inconsistent with the other debt dispute mechanisms under section 1692g. In ACS's view, allowing oral disputes under section 1692g(a)(3) serves only to confuse consumers. ACS also points out that a writing requirement preserves the core protections of sections 1692g(a)(3) through 1692g(b), and all other rights consumers have under other sections of the FDCPA. Without it, ACS argues, "consumers may be led to believe that an oral dispute triggers the further protections" of sections 1692g(a)(4), 1692g(a)(5), and 1692g(b) when, in fact, those protections are waived if not invoked in writing. Appellee's Br. at 21.

We find ACS's arguments unavailing for several reasons. First, like the Second and Ninth Circuits, we are not persuaded that the plain language of section 1692g(a)(3) leads to absurd results, which would have permitted a search for meaning beyond

8

the statutory text. See Lamie, 540 U.S. at 534. As written, section 1692g(a)(3) triggers statutory protections for consumers independent of the later sections 1692g(a)(4), 1692g(a)(5), and 1692g(b). For one, once a consumer disputes a debt orally under section 1692g(a)(3), a debt collector cannot communicate that consumer's credit information to others without disclosing the dispute. 15 U.S.C. § 1692e(8); see Hooks, 717 F.3d at 285; Camacho, 430 F.3d at 1082. Also, if a consumer owes multiple debts and makes a payment, a debt collector cannot apply that payment to a debt that has been disputed orally. See 15 U.S.C. § 1692(h); Hooks, 717 F.3d at 285–86; Camacho, 430 F.3d at 1082. Because we conclude that the plain language of section 1692g(a)(3) does not lead to absurd results, we decline to insert additional language.

Second, under well-established principles of statutory construction, this Court must "give effect, if possible, to every clause and word of a statute." United States v. Menasche, 348 U.S. 528, 538-39 (1955) (internal quotation marks omitted). If possible, a court should avoid an interpretation that renders any "clause, sentence, or word . . . superfluous, void, or insignificant." Duncan v. Walker, 533 U.S. 167, 174 (2001). Relying on the writing requirements in sections 1692g(a)(4), 1692g(a)(5), and 1692g(b) to give effect to section 1692g(a)(3)

would violate these principles, leaving section 1692g(a)(3) with no independent meaning.

As a result, we find that section 1692g(a)(3) permits consumers to dispute the validity of a debt orally, and it does not impose a writing requirement.

## III.

Accordingly, we vacate the judgment of the district court that dismissed the plaintiff's complaint and remand for further proceedings consistent with this opinion.

<u>VACATED AND REMANDED</u>