**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOANN JOSEPHINE RIGGS,
              *Plaintiff-Appellant,*

v.

PROBER & RAPHAEL, A LAW
CORPORATION, a California
Corporation formerly known as
Polk, Prober & Raphael, A Law
Corporation; DEAN RUSSELL
PROBER, individually and in his
official capacity,
              *Defendants-Appellees.*

No. 10-17220

D.C. No.
5:10-cv-01215-JF

OPINION

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Argued and Submitted
March 14, 2012—San Francisco, California

Filed June 8, 2012

Before: J. Clifford Wallace, Consuelo M. Callahan, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Callahan

**COUNSEL**

Fred W. Schwinn, Esq., Consumer Law Center, San Jose, California, for the plaintiff-appellant.

Jonathan M. Blute, Esq., Murphy Pearson Bradley & Feeney, San Francisco, California, for the defendants-appellees.

**OPINION**

CALLAHAN, Circuit Judge:

Plaintiff-Appellant Joann Riggs filed an action against Defendants-Appellees Prober & Raphael, a debt-collection law firm, and Dean Prober, Esq. (together, "Prober") after Prober sought to collect a debt Riggs owed to Prober's client,

Fireside Bank. Riggs alleged that Prober's debt collection letter did not comply with the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, or its state equivalent, the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 *et seq.*, namely by impermissibly requiring her to dispute her debt in writing and, as a result, misrepresenting her rights to dispute her debt. The district court granted Prober summary judgment and Riggs appeals.

We have previously held that a collection letter, called a "validation notice" or "Dunning letter," violates § 1692g(a)(3) of the FDCPA "insofar as it state[s] that [the debtor's] disputes must be made in writing." *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005). Unlike the validation notice at issue in *Camacho*, Prober's notice did not state that Riggs must dispute her debt in writing. Riggs argues that Prober's notice nonetheless violates § 1692g(a)(3) because it implicitly requires written disputes. Assuming without deciding that Prober's notice can be understood implicitly to require written disputes, we hold that a validation notice violates § 1692g(a)(3) of the FDCPA only where it expressly requires a consumer to dispute her debt in writing.

## I. Background

### A. Statutory background

The FDCPA seeks to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). Toward that end, the FDCPA imposes certain requirements on debt collectors and imposes strict liability for violations. *Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 997 (9th Cir. 2012); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010); *see also* 15 U.S.C. § 1692k (providing for civil damages).

Section 1692g(a) of the FDCPA requires a debt collector to send a consumer debtor, within five days of the debt collector's initial attempt to collect any debt, a written validation notice containing:

(1)   the amount of the debt;

(2)   the name of the creditor to whom the debt is owed;

(3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)   a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)   a statement that upon the consumer's written request within the thirty-day period the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(1)-(5).

Section 1692e provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A debt collector violates this rule where, among other things, it "use[s] . . . any false representation or decep-

tive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10).

**[1]** California has adopted a state version of the FDCPA, called the Rosenthal Act. *See* Cal. Civ. Code § 1788 *et seq.* The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements, including those described above, and makes available the FDCPA's remedies for violations. *Id.* § 1788.17. Thus, for purposes of this case, whether a validation notice violates the Rosenthal Act turns on whether it violates the FDCPA.

## B. Factual background

The facts of this case are undisputed. In November 2006, Riggs purchased a car under a retail installment contract that was later assigned to Fireside Bank. Riggs borrowed $13,361.21 of the purchase price. Between September and December 2008, Riggs failed to make her monthly payments. During that time, Fireside Bank repossessed the car and notified Riggs that it would sell the car unless she made the required payments, which she did not. Fireside sold the car, applied the proceeds to Riggs's debt, and hired Prober to collect the $8,191.89 balance.[1]

In a validation notice dated April 10, 2009, Prober requested repayment of the remaining debt, plus accrued interest. The notice read, in relevant part:

Dear Joanna [*sic*] Riggs:

---

[1]The parties do not dispute that Riggs's debt is a "debt" under the FDCPA, 15 U.S.C. § 1692a(5), and a "consumer debt" under California Civil Code § 1788.2(f), or that Prober is a "debt collector" under the FDCPA, 15 U.S.C. § 1692a(6), and California Civil Code § 1788.2(c). The only issue is whether Prober violated the FDCPA and the Rosenthal Act.

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. My office has been retained by FIRESIDE BANK in order to obtain repayment of the sum of $8,191.89, together with accrued interest to which you are obligated under the terms of a contract and security agreement dated November 4, 2006. The present balance owing is currently $8,191.89.

I am, therefore, requesting that you contact this office so that I can arrange the terms of your repayment to FIRESIDE BANK. As I am sure you know, if we are unable to work this matter out, and I am able to secure a judgment, you may be subject to payment of FIRESIDE BANK's attorney's fees and costs incurred, as well as jeopardizing your credit.

Please be advised that if you notify my office in writing within 30 days that all or a part of your obligation or judgment to FIRESIDE BANK is disputed, then I will mail to you written verification of the obligation or judgment and the amounts owed to FIRESIDE BANK. In addition, upon your written request within 30 days of receipt of this letter, I will provide you with the name and address of the original creditor, if different from the current creditor.

If I do not hear from you within 30 days, I will assume that your debt to FIRESIDE BANK is valid.

The last page of the notice consisted of two disclosures:

**SPECIAL NOTICE**
THE FOLLOWING NOTICE IS GIVEN TO YOU
IN THE EVENT THAT THE FEDERAL FAIR
DEBT COLLECTIONS ACT APPLIES TO
THIS COMMUNICATION.

The following statement provides you with notice of certain rights which you may have by law. Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents or your need to take legal action to protect your rights in this matter. No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.

## CONSUMER DISCLOSURE

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify FIRESIDE BANK's attorneys in writing within 30 days that all or a part of your obligation or judgment to FIRESIDE BANK is disputed, then FIRESIDE BANK's attorneys will mail to you a written verification of the obligation or judgment and the amounts owed to FIRESIDE BANK. In addition and upon your written request within 30 days of receipt of this letter, I will provide you with the name and address of the original creditor, if different from the current creditor.

Riggs did not contact Prober and made no payment towards her debt. Prober filed an action on behalf of Fireside Bank in California Superior Court. After Riggs filed a cross-claim for alleged violations of the FDCPA and the Rosenthal Act, the parties settled the action by dismissing both claims.

In March 2010, Riggs brought this action in federal court. Riggs alleged, among other things, that Prober's validation notice (1) required her to dispute her debt in writing, in violation of 15 U.S.C. § 1692g(a)(3) and California Civil Code § 1788.17, and (2) therefore misrepresented her right to dis-

pute the debt in violation of 15 U.S.C. § 1692e, 1692e(10), and California Civil Code § 1788.17.

Prober filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and, in the alternative, for partial summary judgment. The district court granted in part the motion to dismiss with leave to amend, and granted partial summary judgment for Prober on the two claims described above. The court held that Prober's validation notice did not impermissibly require Riggs to dispute her debt in writing and did not falsely misrepresent her right to dispute the debt. The district court entered final judgment at Riggs's request, and Riggs timely appealed. Riggs appeals only the district court's summary judgment order, not its order granting in part Prober's motion to dismiss.

## II.   Standard of Review

**[2]** We review de novo a summary judgment. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060 (9th Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "We review questions of law, including the district court's interpretations of the FDCPA and the Rosenthal Act, de novo." *Gonzales*, 660 F.3d at 1060. "[W]hether [an] initial communication violates the FDCPA depends on whether it is likely to deceive or mislead a hypothetical 'least sophisticated debtor.' " *Terran v. Kaplan*, 109 F.3d 1428, 1431 (9th Cir. 1997) (citation and internal quotation marks omitted); *see also McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011) ("This [least sophisticated debtor] standard ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd . . . the ignorant, the unthinking, and the credulous." (internal quotation marks and citations omitted)).

### III.    Discussion

#### A.    Written disputes under FDCPA § 1692g(a)(3)

[3] It is settled law in the Ninth Circuit that the FDCPA allows debtors to dispute a debt orally or in writing. *Camacho*, 430 F.3d at 1081-82. Accordingly, a debt validation notice that requires that a dispute be in writing violates § 1692g(a)(3) of the FDCPA.[2] *Id.* at 1082. The primary issue presented here is whether Prober's validation notice runs afoul of this rule.

In *Camacho*, we considered a debt validation notice that imposed an express writing requirement by stating: "Unless you notify this office *in writing* within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid." *Id.* at 1079 (emphasis in *Camacho*). Applying the FDCPA's "plain meaning," we held that a validation notice "violate[s] § 1692g insofar as it *state[s]* that disputes must be made in writing." *Id.* at 1082 (emphasis added).

[4] Here, in contrast, Prober's validation notice did not expressly require Riggs to dispute her debt in writing. Instead, Riggs argues that the notice implicitly required her to do so. We assume, without deciding, that the least sophisticated consumer could understand Prober's validation notice to imply that any dispute of her debt must be in writing. Nevertheless, we conclude that the notice does not violate the FDCPA.

As we have explained, *Camacho* held only that debt collec-

---

[2]The Third Circuit has reached the opposite conclusion: "[S]ubsection (a)(3) must be read to require that a dispute, to be effective, must be in writing." *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). The Supreme Court recently recognized this split but declined to resolve it. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, ___ U.S. ___, 130 S. Ct. 1605, 1610 & nn.2-3, 176 L. Ed. 2d 519 (2010).

tors may not expressly require that disputes be in writing; *Camacho* did not decide whether the FDCPA also prohibits debt collectors from *implicitly* requiring that disputes be in writing. We do not believe the FDCPA can support such a prohibition. Subsections (a)(4) and (a)(5) of § 1692g prominently require a consumer to do certain things in writing, including "notif[y] the debt collector in writing . . . that the debt, or any portion thereof, is disputed" in order to obtain verification, while subsection (a)(3) is silent as to what form a general dispute of an alleged debt must take. When these subsections are read together, they could be read to imply that a debtor must dispute her debt in writing. Court decisions applying these provisions do nothing to dispel this implication. *See, e.g.*, *Bicking v. Law Offices of Rubenstein & Cogan*, 783 F. Supp. 2d 841, 844-45 (E.D. Va. 2011) (collecting cases that hold that debt collectors must include the writing requirements in § 1692g(a)(4)-(5) in their validation notices).

[5] Thus, if the FDCPA itself can be read to imply that a consumer must dispute an alleged debt in writing, a validation notice like Prober's, which more or less simply reverses the order of the § 1692g(a)(3)-(5) advisories, cannot be unlawful merely because it allows for the same implication. Put another way, any confusion over what a consumer *must* do in writing, versus what she *may* do in writing, stems at least in part from the FDCPA itself. It would be untenable to read the FDCPA to prohibit validation notices that simply mimic the statute's own shortcomings.[3] *See Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (explaining that

---

[3]For this reason we reject Riggs's argument that Prober's validation notice violates the FDCPA because its language, "[i]f I do not hear from you," can be interpreted in more than one way. *See Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 298 (3d Cir. 2008) ("A communication is deceptive for purposes of the Act if it can be reasonably read to have two or more different meanings, one of which is inaccurate." (citation and internal quotation marks omitted)). Given our reading of the statute above, only an express requirement for written disputes would be "inaccurate" under § 1692g(a)(3).

FDCPA's "dual purpose" requires a court to both "protect[ ] consumers against deceptive debt collection practices . . . [and] protect[ ] debt collectors from unreasonable constructions of their communications").

All published cases of which we are aware in which the courts have found a violation of § 1692g(a)(3) have involved notices that *expressly* required the recipient to dispute the alleged debt in writing. *See, e.g.*, *In re Turner*, 436 B.R. 153, 156-58 (M.D. Ala. 2010) ("If we do not receive payment or you do not notify us in writing, [*sic*] that you dispute this debt within thirty (30) days from the date of this letter, we will proceed with recovery of the debt based on the laws allowed in your state."); *Campbell v. Hall*, 624 F. Supp. 2d 991, 995, 1000-01 (N.D. Ind. 2009) ("If you dispute this debt, or any portion thereof, you must notify this office in writing of that fact within 30 days of this letter.") (emphasis removed); *Baez v. Wagner & Hunt, P.A.*, 442 F. Supp. 2d 1273, 1274-77 (S.D. Fla. 2006) ("Unless you notify this office *in writing* within thirty days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid.") (emphasis in *Baez*); *In re Sanchez*, 173 F. Supp. 2d 1029, 1031, 1033-34 (N.D. Cal. 2001) ("You may dispute the validity of this debt, or any portion thereof, by sending our office *written* notice within thirty (30) days after receiving this notice.") (emphasis in *In re Sanchez*).[4]

---

[4]The only arguably contrary case is *Register v. Reiner, Reiner & Bendett, P.C.*, 488 F. Supp. 2d 143 (D. Conn. 2007), which concerned a validation notice that stated: "[P]lease be advised that you may dispute the validity of the debt or any portion thereof. If you do so in writing within thirty days of receipt of this letter, this firm will obtain and provide you with written verification thereof; otherwise, the debt will be assumed to be valid." *Id.* at 146-47 (emphasis removed). However, this language violates § 1692g(a)(3) not because it requires that a dispute be written, but because it expressly makes the debt collector's assumption of the validity of the debt, which is part of the notice required by § 1692g(a)(3), contingent on the written dispute in the previous sentence.

In short, we hold that, even assuming Prober's validation notice could be read to implicitly require Riggs to dispute her debt in writing, such a requirement nevertheless does not violate § 1692g(a)(3). A validation notice violates § 1692g(a)(3) only where it expressly requires a consumer to dispute her debt in writing.

## B.  FDCPA §§ 1692e and 1692e(10)

Section 1692e of the FDCPA provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A debt collector violates this rule if it "use[s] . . . any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10).

**[6]** Riggs's only argument that Prober's validation notice violated 15 U.S.C. § 1692e and § 1692e(10) is that the notice made a "false representation" by "misrepresenting Riggs' right to dispute the debt" by means other than a writing under § 1692g(a)(3). Accordingly, because Riggs fails to establish a violation of § 1692g(a)(3), she also fails to establish a violation of §§ 1692e and 1692e(10) based on the same theory.

## C.  Other alleged violations of FDCPA § 1692g(a)(3)

**[7]** Riggs argues for the first time on appeal that Prober's validation notice does not comply with other purported requirements of § 1692g(a)(3), namely that she be informed that she could dispute the validity of her debt, she could dispute only a portion of her debt, and that she could make a dispute within 30 days of receiving the notice. Riggs also argues that the language, "If I do not hear from you," is too general to constitute an adequate notice under § 1692g(a).

Riggs's arguments are barred because she did not raise them in her complaint, which alleges as the *only* violation of

§ 1692g that Prober "required that disputes be in writing to prevent [Prober] from considering the debt valid, in violation of § 1692g(a)(3)." A plaintiff may not try to amend her complaint through her arguments on appeal. *See Vincent v. Trend W. Technical Corp.*, 828 F.2d 563, 570 (9th Cir. 1987) (plaintiff may not present a new theory for the first time on appeal, particularly where he could have presented it to the district court by seeking to amend his complaint); *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 822 (5th Cir. 1996) ("[T]he Court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory." (citation omitted)).

## IV.   Conclusion

We hold that Prober's notice does not violate § 1692g(a)(3) of the FDCPA by impermissibly requiring Riggs to dispute her debt in writing. The notice does not expressly state such a requirement. Assuming without deciding that the notice could be understood to imply a writing requirement, that implication is part of the statute itself. Such an implicit requirement does not violate § 1692g(a)(3). Because Riggs's alleged § 1692g(a)(3) violation served as the only basis for her alleged violations of §§ 1692e and 1692e(10), we also hold that Prober's notice did not violate those provisions. The district court's judgment is **AFFIRMED**.