**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LORENA MEYER,

              Plaintiff - Appellant,

   v.

SANTANDER CONSUMER USA,

              Defendant - Appellee.

No. 12-17050

D.C. No. 2:10-cv-02786-GGH

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Gregory G. Hollows, Magistrate Judge, Presiding[**]

Submitted August 13, 2014[***]

Before:     SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

    Lorena Meyer appeals pro se from the district court's summary judgment in

her action alleging claims under the Fair Debt Collection Practices Act ("FDCPA")

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

    [***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and California state law arising from the repossession and sale of a car she purchased with a loan. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1102 (9th Cir. 2012), and may affirm on any ground supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Summary judgment on Meyer's FDCPA claim was proper because, even though a creditor like defendant is not per se exempt from the FDCPA, Meyer failed to raise a genuine dispute of material fact as to whether defendant is a "debt collector" under the FDCPA by showing that defendant's principal business is debt collection or that it collects debts on behalf of others. *See* 15 U.S.C. § 1692a(6) (defining "debt collector"); *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 n.2, 1209-10 (9th Cir. 2013) (rejecting claim that "a 'creditor' is not per se a 'debt collector'" under the FDCPA, but concluding that the defendant was not a debt collector under § 1692a(6) merely because it collected debts in the course of doing business or that were originated by others before they were assigned to it).

The district court did not abuse its discretion by declining supplemental jurisdiction over Meyer's state law claims after granting summary judgment on her sole federal claim. *See* 28 U.S.C. § 1367(c)(3).

The district court did not abuse its discretion by denying Meyer further leave

to file a third amended complaint based on settlement of an unrelated, state law consumer class action against defendant. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and noting that district court may dismiss without leave to amend when amendment would be futile); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (noting that a district court's discretion regarding leave to amend is "particularly broad" when a plaintiff previously received leave to amend).

Meyer's remaining contentions are without merit.

**AFFIRMED.**