NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN CHADWICK, | No. 15-15845 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01477-GMS |
| v. | |
| BMO HARRIS BANK NA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted January 18, 2017[**]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

John Chadwick appeals pro se the district court's summary judgment in his action alleging federal and state law violations related to defendant's efforts to collect arrears on his home mortgage. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1102 (9th

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2012), and we affirm.

The district properly granted summary judgment because the unambiguous terms of the settlement and release agreement Chadwick entered into released defendant from all causes of action arising from or relating to Chadwick's mortgage dispute. *See* Fed. R. Civ. P. 56; *see also Arizona v. Tohono O'odham Nation*, 818 F.3d 549, 561 (9th Cir. 2016) (the Arizona Supreme Court has rejected use of parol evidence to vary or contradict a final agreement).

The district court did not abuse its discretion by staying discovery until it ruled on defendant's summary judgment motion. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (setting forth standard of review and explaining that the district court "has wide discretion in controlling discovery" and that "[s]uch rulings will not be overturned unless there is a clear abuse of discretion").

We do not consider Chadwick's contentions, raised for the first time on appeal, that defendant engaged in fraud or misrepresentation to induce Chadwick to enter into the settlement and release agreement. *See Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004) ("In general, we do not consider an issue raised for the first time on appeal.").

**AFFIRMED.**

15-15845