**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KATHLEEN D. GATES, | No.   15-55728 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 3:13-cv-02611-MMA-DHB |
| MCT GROUP, INC. and THE LAW OFFICES OF PETER W. SINGER, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted February 15, 2017[**]
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and KORMAN,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Plaintiff-Appellant Kathleen D. Gates (Gates) appeals from the district court's grant of summary judgment to Defendant-Appellee The Law Offices of Peter W. Singer (Singer). Gates' claims arise out of a levy on her bank accounts authorized by Singer, which Gates claims resulted in the levying of exempt Social Security benefits in contravention of 42 U.S.C. § 407(a). Gates contends that the district court erred in rejecting her claims that Singer violated the Fair Debt Collection Practices Act (FDCPA) and California's Rosenthal Act by (1) threatening to take an action that could not legally be taken, and (2) using unfair or unconscionable means to collect a debt. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court correctly held that Singer did not violate the FDCPA, 15 U.S.C. § 1692e(5), by "threat[ening] to take an[] action that cannot legally be taken." A hypothetical "least sophisticated debtor" who received the Notice of Levy and accompanying documentation received by Gates would not have viewed the levy as a threat to levy her exempt Social Security benefits, and would have been "able to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process," because the documentation she received informed her that those benefits were exempt and instructed her as to the

2

process for claiming an exemption. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006). All parties involved in the levy complied with federal law and state procedures that are consistent with 42 U.S.C. § 407(a) and its implementing regulations and provide additional protection to debtors. *See* 31 C.F.R. § 212.9 (consistent state law is not preempted); *see also* Cal. Code Civ. Proc. § 704.080 (establishing automatic exemptions for deposit accounts and procedure for claiming exemptions above automatic amount); *id.* §§ 703.520, 703.550 (additional procedures for claiming exemptions). Accordingly, the process worked to protect Gates' potentially exempt funds, and the district court correctly granted summary judgment to Singer on this claim.

The district court also correctly granted summary judgment to Singer on Gates' claim that Singer violated the FDCPA, 15 U.S.C. § 1692f, by "us[ing] unfair or unconscionable means to collect or attempt to collect a[] debt." Gates contends that Singer violated this provision by authorizing the levy without first investigating whether Gates' accounts contained exempt Social Security benefits; however, Gates fails to provide any authority demonstrating that Singer was required to do anything more than comply with California's procedures. Singer is not required to show that it maintained "procedures reasonably adapted to avoid an[] error" when Gates fails to establish that an error in the form of an FDCPA

3

violation has occurred. 15 U.S.C. § 1692k(c). Furthermore, the California procedures followed here do not conflict with federal law and are distinct from those at issue in *Bennett v. Arkansas*, 485 U.S. 395 (1988) (per curiam), *Crawford v. Gould*, 56 F.3d 1162 (9th Cir. 1995), and *Brinkman v. Rahm*, 878 F.2d 263 (9th Cir. 1989) (per curiam).

Because the district court correctly granted summary judgment on Gates' FDCPA claims, her Rosenthal Act claims also fail. *See Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) (California's "Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations."); *see also* Cal. Civ. Code § 1788.17 ("[E]very debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.").

**AFFIRMED.**