NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM CURRY, Jr.,

             Plaintiff-Appellant,

  v.

ELENA M. LOPEZ, Psy.D; et al.,

             Defendants-Appellees.

No. 16-35188

D.C. No. 3:14-cv-05876-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

    Civil detainee William Curry, Jr., appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging constitutional claims

related to his civil confinement. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo, *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1102 (9th Cir. 2012),

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and we may affirm on any basis supported by the record, *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

Summary judgment on Curry's due process claim regarding his placement in the intensive management unit was proper because Curry failed to raise a genuine dispute of material fact as to whether defendants acted with an intent to punish Curry or whether his placement was not reasonably related to a legitimate governmental objective. *See Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979) ("Absent a showing of an expressed intent to punish on the part of detention facility officials . . . if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment." (citations and internal quotations marks omitted)).

The district court properly granted summary judgment on Curry's equal protection claim because Curry failed to raise a genuine dispute of material fact as to whether he was intentionally treated differently from others similarly situated without a rational basis, or was intentionally discriminated against based on his membership in a protected class. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (setting forth elements of equal protection "class of one" claim); *Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (order)

(setting forth elements of a § 1983 equal protection claim).

The district court properly granted summary judgment on Curry's access-to-courts claim because Curry failed to raise a genuine dispute of material fact as to whether defendants caused an actual injury to a non-frivolous claim. *See Lewis v. Casey*, 518 U.S. 343, 348-49 (1996) (setting forth elements of an access-to-courts claim and actual injury requirement).

The district court properly granted summary judgment on Curry's failure-to-protect claim because Curry failed to raise a genuine dispute of material fact as to whether defendants failed to take reasonable available measures to abate a substantial risk of serious harm to Curry. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (setting forth elements of Fourteenth Amendment failure-to-protect claim by pretrial detainee).

The district court properly granted summary judgment on Curry's retaliation claim because Curry failed to raise a genuine dispute of material fact as to whether defendants took an adverse action against Curry because of his protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of retaliation claim in the prison context).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**