NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 3 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JON W WARWICK; JEANNETTE WARWICK,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>BANK OF NEW YORK MELLON, as Trustee for the Certificate Holders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-15 formerly known as The Bank of New York Mellon; et al.,<br><br>Defendants-Appellees. | No.   16-55869<br><br>D.C. No. 2:15-cv-03343-SS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Suzanne H. Segal, Magistrate Judge, Presiding

Submitted May 2, 2019**

Before:  GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Jon W. and Jeannette Warwick appeal pro se the district court's summary

judgment in their action under the Fair Debt Collection Practices Act ("FDCPA"),

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

15 U.S.C. § 1692 *et seq.*; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; and California law, seeking quiet title, damages, and rescission of a mortgage. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1102 (9th Cir. 2012). We affirm.

The district court properly granted summary judgment on the quiet title claim because the Warwicks admit that they signed the promissory note and deed of trust and that they did not repay the loan. *See Shimpones v. Stickney*, 28 P.2d 673, 678 (Cal. 1934) ("It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured.").

The district court properly granted summary judgment on the FDCPA claim and the claim under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*, because the Warwicks failed to provide evidence that BANA or Green Tree engaged in conduct prohibited by either Act. *See Riggs*, 681 F.3d at 1099-1100 (describing the prohibitions of the FDCPA and the RFDCPA). Moreover, BANA is not a "debt collector" for purposes of liability under the FDCPA. *See De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1073, 1075 n.3 (9th Cir. 2011) (explaining that liability under the FDCPA requires that defendant be a "debt collector" and that a "debt collector does not include those mortgage service companies and others who service

2

outstanding debts for others, so long as the debts were not in default when taken for servicing" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on the FCRA claim because the Warwicks failed to provide evidence that they complied with the mandatory notice provisions for a private right of action under the FCRA. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (explaining the requirements of the limited private right of action under the FCRA).

The district court properly granted summary judgment on the TILA claim because the Warwicks failed to rescind their loan within three business days of its consummation, or to file a claim for damages within one year of any alleged violation. *See* 15 U.S.C. § 1635(a) (borrower may rescind a loan within three business days of consummation of the transaction or delivery of the required forms and disclosures); *id.* § 1640(e) (borrower generally must bring an action for damages within one year of any alleged violation).

**AFFIRMED.**