NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN RAYMOND WHITE,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>HOME DEPOT USA, INC.; DOES, 1-10 inclusive,<br><br>Defendants-Appellees. | No. 19-55424<br><br>D.C. No.<br>3:17-cv-00752-BAS-AGS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted October 8, 2020
Pasadena, California

Before: M. SMITH and LEE, Circuit Judges, and CARDONE,[**] District Judge.

Plaintiff-Appellant Stephen White (White) appeals from an order granting summary judgment to Defendant-Appellee Home Depot U.S.A., Inc. (Home Depot), on White's various discrimination, retaliation, harassment, and other claims under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

California law.  This court has jurisdiction under 28 U.S.C. § 1291.  Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.  Applying a *de novo* review, *see L. F. v. Lake Washington Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020), we **AFFIRM** the district court's grant of summary judgment to Home Depot.

### Age Discrimination

White has met his burden for a *prima facie* showing of age discrimination, as Home Depot found that White "perform[ed] competently in the position he held." *See Guz v. Bechtel Nat. Inc.*, 8 P.3d 1089, 1113 (Cal. 2000).  Home Depot, in turn, has provided "legitimate, nondiscriminatory reason[s]" for termination of White's employment by pointing to two rule violations. *Id.* at 1114.  White, in his opening brief, did "not specifically and distinctly argue[] and raise[]" any challenge to the district court's ruling on this particular issue. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).  Thus, White has waived any such challenge.

Finally, the burden shifts back to White "to attack [Home Depot's] proffered reasons as pretexts for discrimination, or to offer any other evidence of discriminatory motive." *Guz*, 8 P.3d at 1114.  Viewing the evidence cumulatively, *see Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1129 (9th Cir. 2000), White has not provided "specific and substantial" evidence "in order to create a

2

triable issue with respect to whether [Home Depot] intended to discriminate on an improper basis." *Morgan v. Regents of Univ. of Cal.*, 105 Cal. Rptr. 2d 652, 665 (Cal. Ct. App. 2000) (internal quotation marks and citations omitted). Thus, we affirm summary judgment for Home Depot on White's age discrimination claim.

**Retaliation**

In order to establish a *prima facie* case for retaliation, a plaintiff must show, among other requirements, that "he or she engaged in a 'protected activity'" and that "a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005). We assume, without deciding, that White's workers' compensation claim and request for accommodations were protected activities. But White has failed to show causation, as White's putative protected activities were years removed from Home Depot's termination of White's employment. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002). Thus, White has not created a genuine dispute of material fact as to whether he has a *prima facie* case for his retaliation claim.

**Harassment**

"To establish a claim for harassment, a plaintiff must demonstrate that: (1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment." *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235,

3

1244 (9th Cir. 2013) (citation omitted).

White's first allegation of harassment, related to purportedly age discriminatory comments, amounts to neither a "concerted pattern of harassment of a repeated, routine or a generalized nature," *Aguilar v. Avis Rent A Car Sys., Inc.*, 980 P.2d 846, 851 (Cal. 1999) (internal quotation marks and citation omitted), nor an "extremely serious" single incident, *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

White admitted the comments forming the basis of his second allegation of harassment, concerning an allergy, were "essentially teasing." Additionally, these comments did not relate to White's asserted protected group—older individuals. We affirm the district court's grant of summary judgment for Home Depot on White's harassment claim.

## Wages

White claimed in an October 2018 declaration that, "[r]egularly, employees waited in line before being released from anywhere from 15–30 minutes 2 to 3 times a week." But in an April 2018 deposition, White stated that "[w]e never worked off the clock. I didn't anyway" and reiterated that he "did not work off the clock." "A party cannot create a genuine issue of material fact to survive summary judgment by contradicting his earlier version of the facts." *Block v. City of L.A.*, 253 F.3d 410, 419 n.2 (9th Cir. 2001). Thus, relying on White's earlier deposition testimony that

4

he did not work off the clock, we find no genuine dispute of fact with regard to White's wage claim. We affirm summary judgment for Home Depot.

**Remaining Claims**

The remainder of White's claims depend upon the four claims above. White's claims regarding a failure to prevent discrimination and retaliation and common law wrongful discharge both depend on the underlying discrimination and retaliation causes of action. *See Trujillo v. N. Cnty. Transit Dist.*, 73 Cal. Rptr. 2d 596, 601–02 (Cal. Ct. App. 1998); *Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1150 (9th Cir. 2017).[1] Having concluded above that White's discrimination and retaliation claims fail, we additionally affirm the district court's grant of summary judgment on these claims.

White concedes that his claims for intentional infliction of emotional distress (IIED) and negligent infliction of emotional distress (NIED) depend on his discrimination, retaliation, and harassment causes of action. Having not satisfied his burden on those three causes of action, we now find that White does not create a genuine issue of material fact on his IIED and NIED claims.

White's claim under Cal. Bus. & Prof. Code § 17200 requires a viable wage

---

[1] In his brief to this court, White argues that his common law claim is based on Cal. Lab. Code § 132a. But White did not cite § 132a in his complaint. "A plaintiff may not try to amend her complaint through her arguments on appeal." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1104 (9th Cir. 2012) (citation omitted). Thus, White's reliance on § 132a for his common law claim is waived.

5

claim.  *See Lagatree v. Luce, Forward, Hamilton & Scripps LLP*, 88 Cal. Rptr. 2d 664, 668 n.1 (Cal. Ct. App. 1999).  With no viable wage claim, we affirm summary judgment for Home Depot on White's § 17200 claim.

Finally, with no claims remaining, White necessarily cannot receive punitive damages.  *See Sako v. Wells Fargo Bank, N.A.*, No. 14-cv-1034-GPC-JMA, 2015 WL 5022307, at *21 (S.D. Cal. Aug. 21, 2015).

Accordingly, we **AFFIRM** the district court's grant of summary judgment for Home Depot on each of White's claims.  Each party shall bear its own costs on appeal.