Joao Manual Garces FARIA,
et al., Plaintiffs,

v.

M/V LOUISE V, LOUISE
V, Inc., Defendants.

Estavo Jose Garces CORREIA,
et al., Plaintiffs,

v.

M/V LOUISE V, et al., Defendants.

LOUISE V, INC., Third–Party–
Plaintiff–Appellee,

v.

HUGHES HELICOPTERS, INC., a subsidiary of McDonnell–Douglas Corporation, McDonnell–Douglas Corporation, Third–Party–Defendants–Appellants.

No. 90–56122.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 15, 1991.

Decided Oct. 3, 1991.

Jonathan S. Morse, Peter T. Kirchen, Kern & Wooley, Los Angeles, Cal., for third-party-defendants-appellants.

Robert S. Brewer, Jr., Chapin, Brewer, Winet & Ward, San Diego, Cal., for third-party-plaintiff-appellee.

Before WALLACE, Chief Judge, and GOODWIN and KOZINSKI, Circuit Judges.

GOODWIN, Circuit Judge:

McDonnell Douglas Helicopter Company ("MDHC")[1] appeals a judgment requiring it to indemnify Louise V., Inc. ("Louise V") for damages stemming from a series of personal injury claims.

Employees Joao Faria and Estavo Correia sued M/V Louise and Louise V for injuries sustained in a series of four accidents. Two of the accidents occurred while Faria and Correia were passengers in helicopters manufactured by MDHC. In addition, Faria and Correia each brought claims for separate shipboard accidents having no connection with MDHC helicopters. Louise V cross-complained for indemnity against MDHC.

Louise V settled with the employees, agreeing to pay each a lump sum for damages sustained in all the accidents. Louise V settled with Correia for $60,000 and with Faria for $112,500. The settlement documents did not apportion these amounts among the accidents, nor was apportionment discussed at the settlement hearing. MDHC was invited to participate in the settlement proceedings but denied liability and chose not to participate.

After the settlements between Louise V and the employees were completed, Louise V went to trial against MDHC on the indemnity claim. At trial, Louise V demanded reimbursement of the entire Correia settlement and $87,500 out of $112,500 of the Faria settlement. The court granted the exact amounts requested, plus expert witness fees, investigation fees, costs, and attorneys' fees. MDHC appeals on numerous grounds.

At the close of Louise V's case, MDHC moved to dismiss under Federal Rule of Civil Procedure 41(b), arguing in part that

Louise V had failed to offer any evidence as to which injuries Faria and Correia had sustained in the helicopter accidents and which injuries they had sustained in the shipboard accidents. After the trial was completed, the court denied the motion.

MDHC argues that the district court erred in denying the motion to dismiss. Neither party has cited a Ninth Circuit case that addresses the burden of apportioning damages in an indemnity case such as this one, where the underlying settlements covered multiple accidents, only some of which involved claims against the indemnitor.

Louise V argues that "[o]nce Louise V submitted the apportioned settlement figures and evidence reflecting that such settlements were paid to the plaintiffs, it was incumbent upon MDHC to introduce evidence that Louise V's representation of damages was inaccurate or inappropriate." Louise V asserts that all it had to present was counsel's proposal for the apportionment of damages, and that it was not required to offer evidence in support of counsel's proposed apportionment.

Louise V is arguing that a plaintiff merely has to state his claim for damages and then is entitled to prevail unless the defendant proves that the claim is erroneous. Louise V cites no authority for this novel proposition, which turns on its head one of the most basic propositions of law— that the plaintiff bears the burden of proving his case, including the amount of damages. *See, e.g., Webb v. Utah Tour Brokers Ass'n*, 568 F.2d 670, 677 (10th Cir. 1977) (holding that the plaintiffs had failed to provide evidence supporting the claimed amount of damages and noting that "[t]he court is not justified in rendering a judgment based on possibility or speculation.").

For some purposes, a party seeking indemnity is entitled to rely on the settlement agreement and can shift the burden of proof to the defendant. Relying on *H.S. Equities v. Hartford Accident and Indemnity Co.*, 661 F.2d 264 (2d Cir.1981), the district court held that "since the third-party plaintiff and plaintiffs entered into a

---

1. MDHC is the successor in interest to Hughes Helicopters, Inc.

good faith settlement, the good faith settlement is presumptive evidence of the facts alleged in the third-party complaint." The district court then found that MDHC "did not sufficiently rebut this presumption during trial."

*H.S. Equities* held that under New York law, a good-faith settlement created a rebuttable presumption as to the facts *upon which the settlement was based. See id.* at 268–69. But *H.S. Equities* did not hold that a settlement creates a presumption that damages have been apportioned among claims where no such apportionment was made in connection with the settlement.

In *H.S. Equities*, as here, a defendant agreed to a settlement that provided the plaintiff with one lump sum covering multiple acts of misconduct committed by different parties. H.S. Equities was entitled to indemnity only for damages caused by one party. *Id.* at 266–68. As in this case, the settlement agreement did not apportion damages among the different acts of misconduct. Neither the district court nor the Second Circuit ruled that because there had been a good faith settlement, the court should assume the truth of every allegation in the third-party complaint, including the amount of indemnity claimed. Rather, the trial court made a *finding of fact* to determine the apportionment, and the Second Circuit held that the district court's finding was "supported by ample evidence in the record." *Id.* at 272. In this case, there is no finding for this court to review, nor is there *any* evidence in the record which could have supported a finding on apportionment.

*Pizani v. M/V Cotton Blossom,* 669 F.2d 1084 (5th Cir.1982), involved the burden of proving apportionment in a non-indemnity case. In *Pizani,* the plaintiff sued for damages that occurred when the defendant's ship collided with the plaintiff's dock. The plaintiff's sole proof of the amount of damages was a lump sum estimate, prepared by a construction firm, of the total cost for making a variety of repairs to the dock. *Id.* at 1086–87. The defendant argued that the estimate included costs for work unrelated to the damage caused by the defendant, and the plaintiff offered no evidence showing how the estimate should be apportioned. *Id.* Nevertheless, the district court awarded the plaintiff the full amount requested because the *defendant* had failed to show the amount of the claimed damages for which it was *not* liable. *Id.* at 1086–88.

The Fifth Circuit reversed, holding that "[t]he plaintiff bears the burden of proof to show the amount, as well as the fact, of damages.... [W]hen a defendant shows that the figure claimed by the plaintiff includes non-compensable improvements, the *plaintiff* must prove ... the amount by which the original figure must be decreased." *Id.* at 1088 (original emphasis). The court further held that the main error in the case arose "from the fact that the sole basis of Pizani's proof of the amount of damages, the single lump-sum bid by [the construction firm], afforded no means whereby the district court *could* have properly determined the actual amount of damages caused by the defendant." *Id.* (original emphasis).

Although *Pizani* was not an indemnity action, Louise V has cited no cases showing that a different rule applies in the context of indemnity.

Louise V states that "[o]n the basis of the evidence before it, the trial court apportioned damages...." But Louise V has failed to point to *any* evidence that was before the court to support an apportionment of damages. We have found none. Louise V argues that it presented evidence that plaintiffs Faira and Corriea were injured in the helicopter accidents. But Louise V made no showing as to the *apportionment* of injuries between the helicopter and shipboard accidents. For example, Louise V entered medical bills into the record, but these bills showed only their dates and the fact that services were rendered. They did not indicate what injuries were treated or what treatment was given. Because any treatment that occurred after both the helicopter and the shipboard accidents could have been for injuries from either accident, or from some other cause,

the court could not have based an apportionment solely on the dates of the bills.

As in *Pizani*, Louise V simply stated its claim, and the court granted the amounts requested without any evidence to support the apportionment. The district court's findings of fact and conclusions of law, which were drawn by the prevailing party, do not acknowledge that the settlements included amounts for both helicopter and shipboard accidents, nor does the court acknowledge the existence of the apportionment question.

Given Louise V's complete failure to prove the proportion of the settlements attributable to the helicopter accidents, the district court erred in denying MDHC's motion to dismiss under Rule 41. Because we reverse on this ground, we do not reach MDHC's other arguments.

REVERSED, the district court shall enter judgment in favor of the third-party defendants-appellants.